SELMER ESPEN *et al.*

*v.*

EDWIN HINCHLIFFE.

*Filed at Ottawa January 21, 1890.*

1. APPEAL—*from Appellate Court—time of application for the appeal —presumption.* Where the Appellate Court allows an appeal from its judgment to this court after the expiration of twenty days, and the record fails to show affirmatively when the petition for the appeal was filed, it will be presumed the petition was filed within the time allowed by law. A presumption is always indulged in favor of the regularity of judicial proceedings.

2. SAME—*finding of facts by Appellate Court—not recited in the record —presumption.* On appeal from the trial court to the Appellate Court, the judgment appealed from was reversed, without remandment. On appeal from that judgment of reversal, this court said : "No recital of facts found by the Appellate Court appears in the record, and therefore we must presume that its judgment is not the result of a finding of the facts different from those found by the trial court."

3. PRACTICE—*specific objection—as, for a variance.* On the trial of an action of forcible detainer against a lessee, the lease offered in evidence was objected to generally. In this court the lease was objected to for a variance, in this, that it was an instrument executed in the name of a partnership firm of which the plaintiffs were the members, while the suit was in the individual names of the plaintiffs : *Held,* that as this objection was not made on the trial, it could not avail on appeal or error. The specific objection should have been made below, and thus have given an opportunity to obviate it, if well taken. .

4. LANDLORD AND TENANT—*waiver of notice, or demand for rent— forcible detainer.* The parties to a lease may provide therein that the lessee waives his right to notice of an election to declare the term ended under any of the provisions of the lease, or for any demand for

the payment of rent, or for the possession of the premises, and provide that the simple fact of the non-payment of rent shall constitute a forcible detainer; and such agreement or waiver will be binding on the lessee, so that the action will lie upon the simple proof of the non-payment of the rent reserved.

5. SAME — *forcible detainer — sub-tenant in possession — the statute construed.* Section 15, chapter 57, of the Revised Statutes, authorizes the bringing of forcible detainer by the landlord against the lessee, with others in whom the actual possession is divided at the commencement of the suit. By the act, the legislature intended to give the landlord a joint action against his lessee, and those holding under him, whenever the under-tenant or tenants should hold possession without right. Judgment may be against the lessee when sued with his sub-tenant, though he is out of the actual possession.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

Messrs. HOFFHEIMER, ZEISLER & ROSENBERG, for the appellants.

Mr. E. A. SHERBURNE, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was an action of forcible detainer, begun in a justice's court, by appellants, against appellee, impleaded with Harry Rosenblatt, Horace Patridge and Strange A. Holman, to recover possession of the second floor of a building, numbered 148 and 150 Wabash avenue, in Chicago. On the 18th day of September, 1884, there was a trial, and judgment rendered for the plaintiffs. On appeal to the circuit court they again recovered, and the defendant, Hinchliffe, appealed to the Appellate Court for the First District. In that court a final judgment of reversal was entered, and the record is brought up by plaintiffs below by this appeal.

The record from the Appellate Court shows that the judgment of reversal in that court was rendered March 13, 1889,

and on May 3, 1889, an order entered granting this appeal. Appellee has filed his motion to dismiss the appeal, on the ground that it was not prayed at any time within twenty days after the rendition of the judgment appealed from. This motion was reserved to the hearing, and therefore becomes a preliminary question to a consideration of the merits of the case.

The order granting the appeal recites, "the court having considered the petition of appellee praying for an appeal," etc. While, therefore, the record shows the appeal was granted more than twenty days after the rendition of the judgment, it does not affirmatively appear that the petition for such appeal was not filed within the time prescribed by the statute, and in the absence of such a showing we will presume that it was filed in time. The presumption is always in favor of the regularity of judicial proceedings. (*Cody* v. *Hough*, 20 Ill. 43; *Kern* v. *Strasberger*, 71 id. 303; *Granjang* v. *Merkle*, 22 id. 249; *Rives* v. *Kumler*, 27 id. 291; *Waldo et al.* v. *Averett*, 1 Scam. 487.) The motion to dismiss the appeal will be overruled.

It appears that appellants leased to appellee, from January 1, 1884, to April 3, 1885, the premises in question, at an annual rental of $2666.66, payable in monthly payments of $166.66⅔ per month, in advance. The lease contained the following: "And the said party of the second part hereby waives his right to any notice from the said party of the first part of their election to declare this lease at an end, under any of its provisions, or any demand for the payment of rent or the possession of the premises leased herein; but the simple fact of the non-payment of the rent reserved shall constitute a forcible detainer, as aforesaid." This suit was brought for a failure to pay the rent due by the terms of the lease for the month of August, 1884. On the 13th day of that month appellants served on appellee the following notice:

"*To Edwin Hinchliffe:*

"You are hereby notified that there is now due us the sum of $166.66, being rent for the premises situated in the city of Chicago, in Cook county, in the State of Illinois, and known and described as follows, viz: The second floor of the building situated and known as number one hundred and forty-eight and one hundred and fifty (148 and 150) Wabash avenue. And you are further notified that payment of said sum so due has been demanded of you, and that unless payment thereof is made on or before the 19th day of August, A. D. 1884, your lease of said premises will be terminated. Zach Hoffheimer is hereby authorized to receive said rent so due, for us.

"Dated this 13th day of August, A. D. 1884.

SELMER ESPEN,<br>
SIGMUND RUHSTADT,<br>
*Landlords.*"

Appellee had sub-let the premises, and at the bringing of this suit they were in the possession of the defendants impleaded with him.

No recital of facts found by the Appellate Court appears in the record, and therefore we must presume that its judgment is not the result of a finding of the facts different from those found by the trial court. (Rev. Stat. chap. 110, sec. 88; *Coalfield Co.* v. *Peck*, 98 Ill. 144.) The legal questions presented by the record are: First, did the trial court err in admitting improper evidence; second, in refusing to hold certain propositions submitted by appellee to be the law of the case; and third, in holding appellee jointly guilty with the other defendants.

On the trial below, plaintiffs offered in evidence the above mentioned lease, to which defendants objected, but the objection was overruled, and defendant excepted. It is now insisted, that the suit being brought in the individual names of appellants, and the lease being executed in their firm name, the

trial court should have excluded it as incompetent. The objection to the introduction of the lease was general. Had the objection now urged been pointed out at the time, and thought to be well taken, it would doubtless have been removed by an amendment or the introduction of other proof. To raise the objection here insisted upon, the specific objection to the evidence should have been pointed out. (*Sargeant* v. *Kellogg,* 5 Gilm. 273; *Conway* v. *Case,* 22 Ill. 127; *Hyde* v. *Heath,* 75 id. 381.) We do not regard the question thus raised as one substantially affecting the rights of the parties.

The propositions of law refused by the trial court are based upon the theory that the clause in the lease waiving notice, demand for the payment of rent, or possession, and agreeing that the fact of the non-payment of the rent should constitute a forcible detainer, is of no binding effect in this form of action; that notwithstanding such agreement, the demand for rent, as provided in chapter 80, section 8, of the Revised Statutes, was a preliminary requisite to the bringing of this suit. The position is untenable. (Wood on Landlord and Tenant, p. 745, sec. 452; *Jackson* v. *Collins,* 11 Johns. 1; *Sweeney* v. *Garrett,* 2 Disney, 601; *Associates* v. *Howland,* 5 Cush. 214; *Eichart* v. *Bargas,* 12 B. Mon. 462.) But waiving this question entirely, the notice of September 13, 1884, was a sufficient demand for rent, under the foregoing section of our statute.

The joint liability of appellee with his co-defendants was not raised in the Appellate Court, as appears from the briefs and arguments refiled here, but is made the ground of the judgment of reversal in that court, and is now urged as a reason for affirmance. The proposition announced in the opinion of the Appellate Court is, that section 15 of chapter 57 of the Revised Statutes, does not warrant a judgment against the original lessee out of possession when the suit is brought. The section reads as follows: "Whenever there shall have been one lease for the whole of certain premises, and the actual possession thereof, at the commencement of the suit, shall be divided in

severalty among persons with or other than the lessee, in one or more portions or parcels, separately or severally held or occupied, all or so many of such persons, with the lessee, as the plaintiff may elect, may be joined as defendants in one suit, and the recovery against them, with costs, shall be several, according as their actual holdings shall respectively be found to be."

The conclusion of the Appellate Court is based upon the language, "the recovery against them, with costs, shall be several, according as their actual holdings shall respectively be found," and it is argued that the actual holding being by the sub-tenants, the recovery must be against them alone. We do not think the section, as a whole, bears that construction. It expressly authorizes the bringing of the action against the lessee, with others in whom the actual possession is divided at the commencement of the suit. It can scarcely be seriously contended that the legislature, having authorized the bringing of a suit against the lessee out of actual possession, at the same time intended that no judgment should be allowed against him. While the section is somewhat awkwardly drafted, we think the clear intention of the legislature was to give the landlord a joint action against his lessee and those holding under him, whenever the under-tenant or tenants holds possession without right, thus giving him a more complete and efficient remedy under the fourth clause of section 2 of the same chapter. Of this construction the lessee can not justly complain. If he has failed to keep his covenants with the landlord, and has sub-let the premises to others who are in default, why should he not be liable to a joint action with them? As between himself and his landlord, he, through others, withholds the entire premises without right.

The judgment of the Appellate Court will be reversed, and the cause remanded, with directions to that court to affirm the judgment of the circuit court.

*Judgment reversed.*