RICHARD GOLDSBROUGH

*v.*

JOHN M. GABLE.

*Filed at Ottawa October 29, 1894.*

1. LANDLORD AND TENANT—*agreement to reduce rent must be upon consideration.* An agreement by a landlord with his tenant to reduce rent, made during the term, and without a new consideration, will not be enforced.

2. SAME—*presumption of law from holding over.* Where a tenant holds over, the law implies an agreement to hold the premises upon the terms of the prior lease.

3. SAME—*presumption subject to rebuttal.* The presumption as to the terms upon which a tenant holds over will yield to proof, and in case of conflict the question is for the jury.

4. INSTRUCTIONS—*erroneous where they omit material facts.* A tenant claimed his landlord agreed, generally, before the lease expired, to reduce rent in case of holding over, which the landlord denied. The tenant held over, and paid rent for two months at the prior rate, after which the landlord, without other consideration, agreed to a specific reduction. In a suit for rent by the landlord it was held error not to submit to the jury, in connection with other facts, the question whether the tenant, by holding over and paying at the old rate, had not waived any previous general agreement to reduce.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. THOMAS M. SHAW, Judge, presiding.

Messrs. McCULLOCH & McCULLOCH, for the appellant :

At the end of the lease, if the tenant holds over, he holds over as a tenant at sufferance. Still, if, when the period for payment of rent comes, he pays to his landlord the rent reserved by the expired lease, he becomes tenant from year to year. *Riggs* v. *Bell*, 5 T. R. 471; *Richardson* v. *Gifford*, 1 A. & E. 52 ; *Beale* v. *Sanders*, 3 Bing. N. C. 850 ; *Prouty* v. *Wood*, 2 Hill, 367; *Brewer* v. *Knapp*, 1 Pick. 335 ; *Dillon* v. *Robert*, 13 S. & R. 60 ; *Bacon* v. *Brown*, 9 Conn. 334; *Dorrill* v. *Stevens*, 4 M. C. 59 ; *DeYoung* v. *Buchanan*, 10

Gill & J. 149; *Phillips* v. *Menges*, 4 Whart. 226; *Conway* v. *Starkweather*, 1 Denio, 113; *Jackson* v. *Patterson*, 4 Harr. 534; *Hawkins* v. *Pope*, 10 Ala. 493; *Lockwood* v. *Lockwood*, 32 Conn. 425; *Prickett* v. *Ritter*, 16 Ill. 96; *Wire Cloth Co.* v. *Gardner*, 99 id. 151; *Webster* v. *Nichols*, 104 id. 160.

After the relation of landlord and tenant from year to year, under a lease under seal, has once been created, it cannot be changed or altered by parol. While it is true that, under certain circumstances, such as a surrender of the leased property with a receipt in full for the rent, such an estate may be terminated with the assent of both landlord and tenant, yet it cannot be changed or altered by a verbal contract. *Loach* v. *Farnum*, 90 Ill. 368; *Wire Cloth Co.* v. *Gardner*, 99 id. 151; *Chapman* v. *McGrew*, 20 id. 101; *Hume* v. *Taylor*, 63 id. 43; *Barnett* v. *Barnes*, 73 id. 216; *Breher* v. *Reese*, 17 Ill. App. 545.

Mr. GEORGE B. FOSTER, and Mr. ISAAC C. EDWARDS, for the appellee:

If the holding over is shown to be with the understanding between the parties that it should not operate as a renewal of the original lease, this will rebut the presumption arising by implication. *Quinlan* v. *Bouts*, 25 Ill. App. 240.

The legal presumption of a renewal of the tenancy arising from a holding over may be rebutted by proof of a different intention, participated in by both landlord and tenant. *Wolz* v. *Sanford*, 10 Bradw. 136.

If the parties had, during the time for which the old lease was given, and before its expiration, by parol agreed that the tenant was to surrender the old lease and take a new one for the same premises, such parol surrender would be good, although the original lease was in writing and under seal. *Baker* v. *Pratt*, 15 Ill. 568; *Allen* v. *Jaquish*, 21 Wend. 629; *Dearborn* v. *Cross*, 7 Conn. 48.

In a lease for rent at a stipulated sum a new parol agreement with the lessee will discharge him. *White* v. *Walker*, 31 Ill. 422.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This case is before us a second time.   The former decision of it is reported as *Goldsbrough* v. *Gable*, 140 Ill. 269. Appellant, by lease in writing under seal, leased certain premises in Peoria for one year, from March 18, 1883, until March 18, 1884, to appellee for $840.00, payable in installments of $70.00 on the 18th day of each month. Appellee remained in possession until October 18, 1888, a period of 4 years and 7 months after the expiration of the original lease.   In our former opinion we said:

"Appellee was permitted to introduce evidence, over the objection of appellant, tending to prove that after the expiration of the term described in the deed, and after he had paid appellant one month's rent for the occupation of the premises at the rate provided to be paid in the deed, viz., on the 28th of May, 1884, he commenced negotiating with appellant to reduce the rent for the premises; that the negotiation was protracted until the 9th of July following, when it was agreed between appellant and appellee that the rent for the premises should be reduced to $50 in lieu of $70 per month, as it had been theretofore; and the court refused to instruct the jury, at the instance of the appellant, that even if they believed such agreement had been proved, it was 'invalid, and could not be enforced,' but, on the contrary, the court instructed the jury that if they believed, from the evidence, that such agreement had been proved, it was valid, and the plaintiff was thereafter entitled to recover only $50 per month for the rent of the premises.   In our opinion the court erred in these several rulings.   *   *   *
Appellee having remained in possession after the expiration of the term described in the deed, without any new contract with appellant in respect thereto, it was optional with appellant to treat him as a trespasser, or to waive the wrong of holding over and treat him as a tenant; and by accepting the payment of the month's rent thereafter

from appellee, appellant made his election, and appellee
then became a tenant of the premises under appellant
from year to year, upon the same terms and subject to
the same rent, etc., as is provided to be paid in the orig-
inal deed."

We there held that the alleged agreement of July 9,
1884, to reduce the rent from $70.00 per month to $50.00
per month obligated the appellee to do nothing more than
he was already obliged to do, and was a mere *nudum pac-
tum*, without consideration and binding upon neither of
the parties.

The only difference between the case as now presented,
and the case which was here before, is this : On the
former hearing, it was contended that there was a parol
agreement after the expiration of the lease, towit : on
July 9, to reduce the rent from $70.00 to $50.00 per month ;
now, it is contended that, under the new evidence taken
since the cause was remanded, appellee, before the ex-
piration of the term named in the lease, notified appel-
lant of his intention not to remain after the expiration of
the lease ; that appellant thereupon requested appellee
to remain, and said that he would reduce the rent; that
no agreement was then reached as to the amount of the
rent; that appellee continued to occupy the premises
after the lease expired, and paid rent thereafter for two
months, towit : until May 18, at the old rate of $70.00 per
month ; and that afterwards by a verbal arrangement on
July 9, the rent was fixed at $50.00 per month.   That is
to say, it is now claimed, that, before the lease expired,
appellant agreed to reduce the rent without saying how
much he would reduce it, but that, after the lease expired
and after appellee had paid rent for two months at the
old rate, then appellant fixed the amount of the reduction
at $20.00 per month, or from $70.00 to $50.00.

There is evidence on the part of appellee tending to
show, that, in February, 1884, appellant said, that he
would reduce the rent, but appellant denies that he ever

said so. It is thus sought to couple a conversation had between the parties before the expiration of the lease with a conversation had nearly four months thereafter, in order to establish one verbal agreement for the abrogation of the old lease and the creation of a new one. Under this theory, which was embodied in the instructions given by the trial court for the defendant, it is conceded that the new agreement was not consummated until July 9. Up to that time, it was in abeyance, and indefinite and undetermined. If it was not completed until July 9, and the minds of the parties did not fully meet as to all its terms until that date, then the same observations, made as to its invalidity in the former opinion, would seem to be applicable here.

But the contention of appellee amounts really to the claim that there were two verbal agreements : first, a general agreement made before the lease expired, towit : in February, that the rent would be reduced; second, a specific agreement, made after the lease expired, towit : in July, that the rent should be reduced from $70.00 to $50.00 per month. The second agreement, being the same as the one we have already passed upon, must be held to be invalid for the reasons stated in the first decision.

Where a tenant holds over after the expiration of his term, the law will imply an agreement to hold upon the terms of the prior lease. (*Clapp* v. *Noble*, 84 Ill. 62). It is said that the legal presumption of a tenancy from year to year upon the same terms and subject to the same rent, etc., may be rebutted by proof, and that the question as to the terms, upon which a tenant holds over, is a question for the jury. (*Clinton Wire Cloth Co.* v. *Gardner*, 99 Ill. 151; *Clapp* v. *Noble, supra* ; Wood's Landlord & Ten. —2 ed.—sec. 13, page 31). But if the verbal agreement before the expiration of the lease to reduce the rent was a circumstance to be considered by the jury, as tending to show that the holding over was not upon the same

terms as to the amount of rent as those named in the original lease, the payment of rent by the appellee at the old rate for two months after the expiration of the lease and the acceptance of the same by appellant were circumstances, showing that appellee became a tenant from year to year at the same rent specified in the original lease. The instructions given by the trial court for appellee placed the first circumstance before the jury as a bar to the right of recovery without reference to the other circumstances. In this respect we think that they were erroneous.

If it be true, that the appellant, in some conversation before the original lease expired, promised to reduce the rent, yet it is also true, under the decision already made in this case by this court, that the payment and acceptance of rent at the old rate after the lease expired, made appellee a tenant from year to year at the old rate. The agreement to reduce the rent was necessarily abrogated by the payment and acceptance thereafter of rent at $70.00 per month for the two months from March 18 to May 18. At any rate, it is a question which should have been fairly submitted to the jury by the instructions, whether or not the general agreement to reduce the rent, if the evidence showed such an agreement, was not waived by the subsequent conduct of the parties in paying and accepting the rent provided for in the original lease.

The judgment of the Circuit Court was in favor of the defendant, and has been affirmed by the Appellate Court. In view of the rulings and instructions of the former Court as thus herein referred to, both judgments are reversed, and the cause is remanded to the Circuit Court.

*Reversed and remanded.*