## Andrew Belinski v. Rudolf Brand, John A. Orb and Theodore Oehne.

1. PRACTICE—*Motion to Strike from Short Cause Calendar.*—A motion to strike a cause from the short cause calendar, where the grounds of the motion relate to irregularity of service of notice and filing affidavits, comes too late when the cause is reached for trial.

2. WAIVER—*Of Notice and Demand for Possession.*—Where the terms of the lease expressly waive notice and demand, such notice and demand are not essential to a recovery of possession of the demised premises.

3. LEASE—*When its Provisions Will Control—Tenant Holding Over.*—Where a tenant holds over and the assignee of the lessor recognizes him as holding over, the provisions of the lease must be treated as controlling.

4. LESSOR—*Rights Vest in Grantee.*—Where a lessor conveys the demised premises, whatever rights under the lease were in him will be vested in his grantee by reason of the conveyance of the premises and by force of the statute.

5. FORMER DECISION—*Explained.*—Sexton v. Chicago Storage Co., 129 Ill. 318, explained, as not holding contrary to the decision here announced.

6. VERDICTS—*Description of Premises in.*—Where a verdict in an action of forcible detainer follows the description in the complaint, it

Belinski v. Brand.

does not matter what the description may have been in the instruction given to the jury directing a verdict.

7. RECEIPTS—*For Rent—In Whose Name Given, Not Material.*—The fact that the receipts for rent were given in the name of the appellees only, is not material.

8. INSTRUCTIONS—*To Find for Plaintiff, When Proper.*—When the plaintiff is entitled to a verdict upon the evidence and there is no evidence to warrant a verdict for the defendant, an instruction to find for the plaintiff is proper.

**Forcible Detainer,** for possession of demised premises. Trial in the Circuit Court of Cook County on appeal from Justice's Court; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Verdict and judgment for plaintiff; defendant appeals. Heard in this court at the March term, 1898. Affirmed. Opinion filed May 9, 1898.

## STATEMENT.

This is an action of forcible detainer brought by appellees to recover possession of premises held by appellant.

Appellant entered into possession of the premises August 1, 1894, under a lease made by the National Brewing Company, then owner, which lease demised until April 30, 1895, and contained a provision for an extension of one year beyond that time, at the election of appellant, the lessee. The lease contained a provision that if default be made in payment of rent, it should then be lawful for the lessor, or its legal representatives, "without notice to declare said term ended, and to re-enter said demised premises, or any part thereof, either with or without process of law." And in the clause providing for suit by lessor to recover possession, and for confession of judgment therein by lessee, it is provided that the lessee is "hereby expressly waiving all right to any notice or demand under any statute of this State relating to forcible entry and detainer."

Appellant elected to extend the lease after April 30, 1895, by remaining in possession as lessee. On March 31, 1896, the National Brewing Co., the lessor, conveyed the premises and assigned the lease to appellees. Appellant paid rent to the agent of appellees from that date until December, 1896, at the rate provided by the lease, and was informed that the collection was made by such agent for

appellees. It is not disputed that the December, 1896, and January, 1897, rent was unpaid. For this non-payment of rent appellee elected to treat the term of the lease, *i. e.*, its extension by holding over, as ended, and on February 13, 1897, they brought this suit before a justice of the peace to recover possession. The trial in the Circuit Court was upon appeal from a judgment of the justice of the peace in favor of appellees.

The cause was placed upon the short cause calendar in the Circuit Court upon April 28, 1897. It was reached for trial upon June 21, 1897. A motion was then made by appellant to strike the cause from the short cause calendar, which was denied. Upon the trial, the Circuit Court at the conclusion of the evidence instructed the jury to find for appellees, the plaintiffs there.

F. L. Salisbury and H. P. Sinden, attorneys for appellant.

Winston & Meagher, attorneys for appellees; Ralph Martin Shaw, of counsel.

Appellees contended that a motion to strike a case from the short cause calendar comes too late when it is made when the case is called for trial. Stewart v. Carbray, 59 Ill. App. 398; Johnston v. Brown, 51 Ill. App. 549; Oliver v. Gerstle, 58 Ill. App. 615; Treftz v. Stahl, 46 Ill. App. 462.

It is a well-established rule of law that where a tenant remains in the premises after the termination of the lease, it will be presumed that he remains there under the terms and conditions of the original lease. Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151, 159; Webster v. Nichols, 104 Ill. 160, 173.

Mr. Justice Sears delivered the opinion of the court.

It is contended by counsel for appellant that the court erred in denying the motion to strike the cause from the short cause calendar. Without discussing the grounds of the motion, which related to irregularity of service of notice and filing affidavit, it is enough to say that the

motion came too late when made after the cause was reached for trial.

The notice upon which the cause was placed upon the short cause calendar, was served upon appellant on April 27th, was filed upon April 28th, and no motion was presented to strike the cause from the calendar until June 21st following, when the cause was called for trial. The court properly refused to entertain the motion at that time. Treftz v. Stahl, 46 Ill. App. 462; Johnston v. Brown, 51 Id. 549; Oliver v. Gerstle, 58 Id. 615; Stewart v. Carbray, 59 Id. 397; Wheatley v. Chi. Trust & Sav. Bank, 64 Id. 612.

It is also contended that notice to appellant and demand were essential before there could be a right of recovery of possession because of non-payment of rent. But the terms of the lease expressly waive notice and demand, and hence none were necessary. Espen v. Hinchliffe, 131 Ill. 468.

Appellant having held over, and appellees having recognized him as a tenant holding under the lease, its provisions must be treated as controlling. Goldsbrough v. Gable, 152 Ill. 594; Condon v. Brockway, 157 Id. 90.

Whatever rights under the lease were in the original lessor, were vested in its grantees, the appellees, by reason of the conveyance of the premises and by force of the statute. Rev. Stat., Chap. 80, Sec. 14; Thomasson v. Wilson, 146 Ill. 384.

Nor is the decision in Sexton v. Chicago Storage Co., 129 Ill. 318, relied upon by appellant, to be regarded as holding to the contrary.

The announcement of the rule of the common law, that the right to enter for breach of condition subsequent could not be alienated, can not be taken as a construction of section 14 of our statute in relation to landlord and tenant. The effect of the decision, so far as it touches upon the question here considered, is to distinguish the right of re-entry, transferred to the grantee by force of the statute, from a reversionary interest, and it does not at all hold that such right of re-entry is not transferred by operation of the statute.

It is also urged that the description of the premises in the verdict is incorrect. The verdict follows the description in the complaint, as it should; and it does not matter what the description may have been in the instruction given to the jury directing a verdict. It is enough that the verdict is right.

The fact that the receipts for rent were given in the name of one of the appellees only, is not material. It is undisputed that the agent who collected acted for all the appellees.

There was no evidence which could have warranted the jury in finding the issues for appellant. Upon the evidence appellees were entitled to a verdict. Hence the peremptory instruction directing the jury to find for them was proper.

The judgment is affirmed.