## County of DeWitt v. Robert B. Spaulding.

1. Common counts—*when recovery may be had under the.* The value of medical services rendered to one coming within the statutory defini-tion of a pauper, may be recovered from the county under the common counts, where it appears that such county duly requested the rendition of such services.

2. Peremptory instruction—*when proper, for plaintiff.* A per-emptory instruction can only be given for the plaintiff when the plaintiff is entitled to a verdict under the evidence and there is no evidence to warrant a verdict for the defense.

Action of assumpsit to recover for medical attendance. Appeal from the Circuit Court of DeWitt County; the Hon. William G. Coch-ran, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed November 9, 1903. Rehearing denied December 18, 1903.

Arthur F. Miller, State's Attorney, and Herrick & Herrick, for appellant.

Lemon & Lemon and O. E. Harris, for appellee.

Mr. Justice Baume delivered the opinion of the court.

This is an action in assumpsit, brought by appellee against appellant to recover for medical services rendered by him to one John R. Barnett, who was sick with small-pox. Bar-nett was not a pauper, but came within the class designated in section 24 of the Act entitled "Paupers," viz., a person not having money or property to pay his board, nursing or medical aid. Upon the trial before a jury, and at the close of all the evidence, the court gave a peremptory instruc-

tion directing the jury to find the issues for the appellee and assess his damages at the value of the services performed by him, as shown by the evidence. The jury returned a verdict in favor of appellee, fixing his damage at $135, upon which verdict the court entered judgment, after overruling appellant's motions for a new trial and in arrest of judgment.

The declaration consists of the common counts only, and appellant insists that a recovery cannot be had in this case under such a declaration. Whether the declaration is sufficient to predicate a recovery upon in this case, depends upon the proof. If there is evidence in the record from which a request to perform the services can be implied, the declaration is sufficient. City of Chicago v. C. & N. W. Ry. Co., 198 Ill. 300.

Appellant offered in evidence a record of the proceedings of the board of supervisors of DeWitt county, containing certain resolutions adopted by the board, prescribing rules and regulations under which medical services should be rendered to sick persons. The resolutions applied specifically to the class of persons designated in section 20 of the Pauper Act, and did not apply to the class of persons designated in section 24. The ruling of the court sustaining appellee's objection to the evidence was therefore proper, and for the same reason the court properly excluded the contracts offered in evidence by appellant, entered into between the supervisor and certain physicians.

Appellee testified that he attended Barnett professionally through March and the fore part of April, 1900; that he first called at the house where Barnett was a boarder, for the purpose of attending a little girl sick with small-pox; that the house was quarantined by the city health officers; that while there he was told that Barnett was up-stairs sick with the same disease and was requested to go up and see him; that when he ascertained that Barnett had the small-pox, he notified Oakman, the supervisor, of the fact and told him he needed medical attendance, and further told him that he was treating the girl in the same house;

that on his next visit to the house, he inquired if the county physician had been there and upon being informed that he had not, continued his treatment of Barnett.

Oakman, the supervisor, testified that he had a conversation with appellee in March, 1900, in which appellee told him that he had a case of small-pox in Barnett, and that he could not see where there was anything in it for him and he might want him (the witness) to take it, and would let him (the witness) know when he was ready to give up the case; that appellee never notified him that he wanted to give up the case; that he did not know that Barnett was without means or a poor man. Upon this state of the proof as to the liability of appellant, the court gave the peremptory instructions asked by appellee. This was error. The sickness of Barnett did not require emergency treatment and appellee was not authorized to volunteer his medical services and hold the appellant liable therefor. Appellee recognized the authority of the supervisor to give, or cause to be given to Barnett such assistance as he, the supervisor, might deem necessary and proper, by going to him and advising with him in reference to the case. If the supervisor's version of the conversation be correct, and his statement that he did not know Barnett was a poor man, without means, he was not justified in interfering with the professional business of appellee by sending another physician to treat Barnett and assuming to say what was necessary and proper assistance. On the other hand, if appellee's version of the conversation be correct, appellant might be held liable as upon an implied request by the supervisor to appellee to continue his treatment of the case. The question of appellant's liability was for the jury and not for the court. The court is only authorized to give a peremptory instruction for the plaintiff, when the plaintiff is entitled to a verdict upon the evidence and there is no evidence to warrant a verdict for defendant. Belinski v. Brand, 76 Ill. App. 404. In such case it is not within the province of the trial court to weigh the evidence or pass on the credibility of witnesses. O'Donnell v. L. S. & M. S. Ry. Co., 100 Ill. App. 424.

In view of the fact that this case must be submitted to another jury, it will not be necessary to discuss all the questions raised on this appeal, as some of them can be readily obviated on a retrial, but we deem it proper to pass on the propriety of certain instructions given and refused, that the errors therein, if any, may be then avoided.  Appellee's third given instruction is not applicable to the case and should have been refused.  Appellant's 2d, 4th, and 11th instructions should have been given as asked, and its other instructions were properly refused.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*