## Herman L. Kenyon v. Ida H. Manley.

### Gen. No. 12,285.

1. TRANSCRIPT—*when confers jurisdiction.* Notwithstanding an action before a justice of the peace has been tried by another justice than the one upon whose docket it was pending, the transcript of such latter justice confers jurisdiction upon the circuit or superior court upon appeal.

2. JURISDICTION—*when objection to, comes too late.* An objection to the jurisdiction of the circuit or superior court to hear an appeal from a justice of the peace, where predicated upon the alleged insufficiency of the transcript, comes too late when first alleged in the appellate court.

3. LEASE—*cannot be modified by parol.* The terms of a written lease cannot be modified by a subsequent parol agreement.

4. FORCIBLE DETAINER—*when five days' notice not essential to maintenance of.* Forcible entry and detainer to recover possession of premises for nonpayment of rent may be maintained without the prior giving of a five days' notice to quit where such notice is waived in the lease.

Forcible entry and detainer proceeding. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed March 23, 1906.

**Statement by the Court.** Appellee brought an action of forcible detainer against appellant before JUSTICE EVERETT. JUSTICE EVERETT being unable to attend at the trial, requested JUSTICE MARTIN to hear the case for him, and JUSTICE MARTIN heard the case, rendered a judgment for the plaintiff, and the defendant appealed to the Superior Court. The transcript of the judgment filed in the Superior Court was certified by JUSTICE EVERETT. The parties went to trial in the Superior Court without objection, and there was a verdict for the plaintiff and judgment thereon, from which the defendant prosecutes this appeal.

ERNEST SAUNDERS, for appellant.

PETIT, PARKER & KOPF, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

It is contended by appellant that the Superior Court had not jurisdiction of the subject-matter of the suit because the transcript of the judgment of the justice of the peace was certified by JUSTICE EVERETT, the justice before whom the action was pending, and not by JUSTICE MARTIN, the justice who heard the cause and rendered the judgment. The statute provides that in case one justice hears a cause at the request of the justice before whom the cause is pending, that he shall "hear the cause instead and in behalf of the justice calling him; and the judgment so entered shall have the same force and effect as if rendered by the justice before whom

the action is pending." R. S., chap. 79, sec. 56. In such a case, we think, the judgment was properly entered on the docket of the justice before whom the action was pending and the transcript was properly certified by that justice. The appellant appeared and went to trial in the Superior Court without any objection and cannot be heard now to object to the insufficiency of the transcript. Hanchett v. Williams, 24 Ill. App., 56.

The lease in evidence is under seal and provides that the rent shall be paid in advance in monthly payments of $20 each, on the first day of each month. The trial court did not err in excluding evidence of a subsequent parol agreement, that the tenant might pay the rent at any time between the first and tenth days of the month. Alschuler v. Schiff, 164 Ill., 298.

By the terms of the lease the tenant waived "notice to terminate the tenancy," and hence it was not necessary for the landlord to give to the tenant the five days' notice required by the statute. Epsen v. Hinchcliff, 131 Ill., 468; Belinski v. Brand, 76 Ill. App., 404.

The judgment of the Superior Court will be affirmed.

*Affirmed.*