Frederick W. McKinney, Defendant in Error, v. Charles Mulvey Manufacturing Company et al., Plaintiffs in Error.

## Gen. No. 15,169.

1. LANDLORD AND TENANT—*what does not waive right to forfeit lease for nonpayment of rent.* Failure to enforce the strict performance of a lease as to the payment of the rent stipulated to be paid for a portion of the period of the demise does not waive the right of the landlord subsequently to enforce such strict performance and if the lease provides for the right of forfeiture without notice no notice of intention to forfeit is essential to the maintenance of an action of forcible entry and detainer for the recovery of possession.

2. LANDLORD AND TENANT—*rights of assignee of former.* An assignee of a lessor succeeds to all the rights and remedies reserved by the lease made by the original lessor.

3. CONTRACTS—*how executory under seal cannot be varied.* An executory contract under seal when its terms are clear and unambiguous cannot be varied, contradicted or modified by parol evidence of conversations or by parol agreements oral or written, made prior to or contemporaneous with, or subsequent to its making in an action at law to enforce its provisions.

Forcible detainer. Error to the Municipal Court of Chicago; the Hon. W. W. MAXWELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed October 21, 1910.

BOLEN & STEWART, for plaintiffs in error.

CHARLES SCRIBNER EATON, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.
This writ of error is prosecuted from a judgment of the Municipal Court of Chicago rendered upon a directed verdict in an action of forcible detainer, instituted by Frederick W. McKinney, August 10, 1908, against Charles Mulvey Manufacturing Company, plaintiff in error, for the recovery of possession of premises in the city of Chicago. The plaintiff in error filed a plea of not guilty. During the trial

the plaintiff dismissed the case as against defendants Barry and Gervais.

The plaintiff below, defendant in error here, to maintain his action offered in evidence a certain lease dated August 1, 1907, executed by one Albert L. Berry of the first part, and plaintiff in error of the second part, and an assignment in writing to the plaintiff by Berry of all his interest therein and the rents thereby secured, dated April 17, 1908; also evidence tending to show that the property described in the lease was occupied by the defendant, and that the same had been conveyed by Al. L. Berry to the plaintiff who was then the owner; that the rent for August, 1908, was not paid on or before August 5, 1908, according to the provisions of the lease, and on August 6, 1908, plaintiff elected to terminate the lease, and signed a notice to that effect and to surrender possession of the premises, which was served on the defendants on August 10, 1908.

No controverted question of fact is presented by the evidence. The main question in the case is presented by the evidence of the defendant on which it is urged that the plaintiff waived his right to declare a forfeiture of the lease by receiving past-due payments of rent, and that where such a provision of the lease is so temporarily waived the plaintiff could not thereafter enforce the strict terms and provisions of the lease in that respect by declaring a forfeiture without first giving to the defendant notice of his intention so to do.

The evidence of the defendant upon which this contention is based, and the same facts also appear in part in the testimony of the plaintiff's witnesses, tends to show that the plaintiff did not give the defendant any notice on or before August 5, 1908, that he would declare a forfeiture or intended to do so, if the rent was not paid promptly on or before August 5, according to the provisions of the lease, except a letter to the defendant dated June 10, 1908, which among other things says: "This is to advise you that I insist upon prompt payment of rent on the 5th day of each month, and desire you to make a complete payment of the items due up to the 5th day of June before the end of this week;" and

did not give any notice of such election until August 10, 1908; that a check dated August 7, 1908, of the defendant for the amount of the rent due on August 5th was received by the plaintiff on August 7th through the mail. The check was immediately turned over to plaintiff's attorney to be by him returned to defendant. This was done on the next day with a statement in the letter in which it was inclosed that the reason for returning it was that on August 6, 1908, the plaintiff had elected to declare the lease at an end, and a request that the defendant surrender possession of the premises at once.

In the afternoon of August 10, 1908, the defendant company tendered the currency, $166.66, for the rent to the plaintiff who refused to accept it. Later in. the afternoon the defendant company by its representatives went to the office of plaintiff's attorney and placed upon his desk a sum of money, and a letter addressed to F. W. McKinney and Charles S. Eaton: The letter was as follows:

"Gentlemen: We hand you herewith the sum of $166.66 in currency, being August rent on the premises occupied by Charles Mulvey Manufacturing Company."

Mr. Eaton refused to take the money stating he had no authority to collect any rents. The representatives then said that they would leave the money there, and Mr. Eaton replied that he would not be responsible for it. They then left the money on Mr. Eaton's desk and went away. It remained there until the close of business for the day, when Mr. Eaton placed the money in an envelope without counting it, and on the trial of this cause tendered the envelope and its contents in court.

The evidence shows that the defendant company did not pay its rent promptly as provided in the lease, and as requested by the plaintiff, and that plaintiff brought suit for a part of the May rent and for the June rent. The July rent was not paid when due, and the plaintiff caused a five day notice to be served on the defendant company.

In the tenth paragraph of the lease it is provided:

"It is expressly agreed between the parties hereto that if

default be made in the payment above reserved or any part thereof, or in any of the covenants or agreements herein contained, to be kept by the party of the second part, it shall be lawful for, and the party of the second part requests the party of the first part, or his legal representatives, at his or their election, to declare said term ended, to re-enter said demised premises or any part thereof and the said party of the second part or any other person or persons occupying the same to expel, remove and put out, using such force as he may deem necessary in so doing, and the said premises again to repossess and enjoy as in his first estate; and in order to enforce a forfeiture of this lease for default in any of its conditions it shall not be necessary to make demand or to serve notice on the party of the second part, and said party of the second part hereby expressly waives all right to any demand or notice from said party of the first part of his election to declare this lease at an end or declaring it so to be; but the fact of the non-performance of any of the covenants of this lease, shall in itself, at the election of the party of the first part, without notice or demand constitute a forfeiture of said lease, and at any and all times, after such default, the said party of the second part shall be deemed guilty of a forcible detainer of said premises."

And the last clause of paragraph eight provides:

"nor shall the receipt of said rent or any part thereof, or any other act of apparent affirmance of the tenancy operate as a waiver of the right to forfeit this lease and the term hereby granted for the term still unexpired for any breach of any of the covenants herein."

In Espen v. Hinchliffe, 131 Ill. 468, a forcible detainer case, the validity of a similar clause in a lease, waiving any notice by the landlord of his election to declare the term ended under any of its provisions, or any demand for the payment of rent or the possession of the premises, and agreeing that the simple fact of the non-payment of the rent reserved should constitute a forcible detainer, was upheld. This was followed in Belinski v. Brand, 76 Ill. App. 404; Kenyon v. Manley, 125 *id.* 615; and Sherman House v. Cirkle, 136 *id.* 381, all forcible detainer cases.

From the terms employed in the provisions of the lease quoted above, there can be no doubt that it was the clearly expressed intention of the parties to the lease to give to the defendant the first five days in each month in which to pay the rent, and to provide that, in case it was not paid within that time, the landlord would have the clear and absolute right to terminate the lease without the delay, trouble and annoyance of serving a demand and notice of election to terminate, or making any declaration to the defendant in a formal manner, either of his intention to terminate, or of the fact.    The defendant, plaintiff in error, having voluntarily entered into these covenants of the lease as a part of the inducement under which it was allowed to enter into the premises, had as full notice and knowledge of its default in the payment of the rent, and of the effect of such default, as if notice of the intention to terminate had been served upon it in advance.    Furthermore, we are unable to perceive how the failure of plaintiff to take advantage of previous defaults on the part of the defendant, can constitute in law a waiver of the provisions of the lease, and establish a new contract between the parties whereby the plaintiff was required thereafter, before action, to give the defendant clear notice of his intention to insist upon a strict enforcement of the terms of the lease, in view of its provisions under consideration and especially of the last clause of paragraph eight of the lease quoted above.    To so construe these provisions in an action at law, would be to present to this plaintiff, and every landlord, sufficient inducement at all times and under all circumstances to stand strictly to and enforce promptly the provisions of the lease, for if the landlord, by accommodating delay extends any favor no matter how small or casual to his tenant, he exposes himself to the danger of having the law and courts of law read into his lease terms and provisions which the parties thereto intentionally and specifically eliminated.    Such a construction would impose additional hardships upon the tenant and confer no corresponding benefits.

There can be no doubt but that the plaintiff, although not the original lessor in the lease, has succeeded to all the rights

and powers of Berry, the original lessor. The plaintiff acquired the premises in question from Berry, the former owner, by a deed bearing date April 17, 1908, which conveyed to him not only the premises, but also "all leases to tenants occupying premises." Berry also endorsed upon the lease an assignment of all his interests therein to the plaintiff. Starr and Curtis Revised Statutes, sec. 14, chapter 80, Landlord and Tenant. The defendant attorned to the plaintiff. Whatever rights were in the original lessor under the lease became vested in the plaintiff by reason of the conveyance and the assignment, and by force of the statute. Thomasson v. Wilson, 146 Ill. 384.

In our opinion the defenses relied upon by the defendant were properly excluded by the trial court. The law is too well established by the authorities to admit of argument that an executory contract under seal, when its terms are clear and unambiguous, cannot be varied, contradicted or modified by parol evidence of conversations or by parol agreements oral or written, made prior to or contemporaneous with, or subsequent to its making in an action at law to enforce its provisions. 2 Kent's Com. 556; Alschuler v. Schiff, 164 Ill. 298; Telluride Power Co. v. Crane Co., 208 *id.* 218; Taylor, Landlord and Tenant, section 44; Ross v. Griebel, 136 Ill. App. 399; Kenyon v. Manley, 125 *id.* 615; Schneider v. Sulzer, 212 Ill. 87.

We do not think that the sending of defendant's check for the August rent on August 7, 1908, or the tender subsequently of currency for the rent constituted any defense to the action. Nor do we think the court erred in excluding the agreement of April 23, 1907, and the evidence of the payments of money under the agreement. At most the evidence tended to show equitable rights not available in an action at law. St. L. National Stock Yards v. Wiggins Ferry Co., 102 Ill. 514; I. C. R. R. Co. v. B. & O. R. R. Co., 23 Ill. App. 531. Whether the evidence showed equitable rights or not we do not decide. The cases in equity relied on by counsel for plaintiff in error are not applicable in this suit at law.

In the absence of any controversy in the evidence on the

material facts and issues in the case, the trial court properly directed a verdict. Cougle v. Densmore, 57 Ill. App. 591; Marshall v. Grosse Clothing Co., 184 Ill. 421; Anthony v. Wheeler, 130 *id.* 128.

The judgment is affirmed.

*Affirmed.*