**Anna Krasa and Louis S. Cohen, Defendants in Error, v. United States Brewing Company of Chicago and Charles Vogel, Plaintiffs in Error.**

### Gen. No. 18,676.

1. LANDLORD AND TENANT, § 464*—*place of payment and demand of rent.* Where a lease provides that the rent shall be paid at the office of the lessee Company, *held* that the office bearing the name of another company having the same officers as the lessee Company was the office of the lessee mentioned in the lease at which the lessors could demand the rent, it appearing that the lease was signed at such office and that previous payments of the rent had been made therefrom in the name of the lessee Company.

2. LANDLORD AND TENANT, § 79*—*when notice of intention to declare a forfeiture for nonpayment of rent unnecessary.* Under a provision in a lease that failure of lessee to keep the condition and covenants shall constitute a forfeiture of all rights under the lease and that a further occupancy thereunder shall be a forcible detainer of the premises by the lessee, no notice by the lessor of his intention to declare a forfeiture is necessary where the lessee neglected to keep a covenant to pay rent.

Error to the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 9, 1914. Rehearing denied March 23, 1914. *Certiorari* denied by Supreme Court (making opinion final).

WINSTON, PAYNE, STRAWN & SHAW, for plaintiffs in error; JOHN C. SLADE, of counsel.

VINCENT D. WYMAN, CHARLES E. CARPENTER and OTTO W. JURGENS, for defendants in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

This is a suit in forcible detainer, in which Anna Krasa and Louis S. Cohen had judgment. The defendant, United States Brewing Company of Chicago, was the lessee of plaintiffs under a written lease, and had sublet the premises, 1444-1446 South Halsted street, to Charles Vogel. The lease to the United States Brewing Company provided for payment of rent on the first day of each month during the term, to be paid "at the office of said lessee in said City of Chicago."

It is conceded that the rent for December, 1911, and January, 1912, was unpaid, and the plaintiffs claim that this constituted a forfeiture of all rights under the lease, by virtue of the eighth section thereof, which is as follows:

"The neglect or failure of said lessee to keep the foregoing conditions and covenants, or any or either of them, shall constitute a forfeiture of all rights under this lease, and the further occupancy of said demised premises after such forfeiture by said lessee shall be deemed, held and taken as a forcible detainer thereof by said lessee and said lessor may without notice re-enter and take possession thereof, and with or without force, and with or without legal process, evict and dispossess said lessee from said above demised premises."

Defendants claim that no demand for rent was made at the office of the lessee, United States Brewing Company, as required by the lease, and hence it was not in default. The demand for rent was made by plaintiffs at an office in the building at 908-920 West 12th street, Chicago. This office is in a large building which is operated as a brewery. Defendant Brewing Company claims that this is not its office, and that its office is at 1422 First National Bank Building, Chicago. The question therefore is whether the office in the brewery on West 12th street is the office contemplated by the provision of the lease that the rent should be paid at the office of the lessee. The sign over the office door of the brewery on West 12th street bears the name "Bartholomae & Roesing Brewing and Malting Com-

pany." The officers of this company and of the United States Brewing Company are the same. The lease was signed in the office on West 12th street, and checks in payment of rent came to plaintiffs inclosed in envelopes bearing the address of the United States Brewing Company at 908-920 West 12th street. Inclosed with these checks was sent a printed form of rent receipt, which bears the heading "United States Brewing Company of Chicago, 908-920 West Twelfth street." Thirteen of such rent receipts were received by the plaintiffs and introduced in evidence. Plaintiffs testified that they would acknowledge receipt of the rent by signing these rent receipts and returning them by messenger to the office at 908-920 West 12th street.

It also appears that when the plaintiff Cohen called at this office to request the payment of rent, he was told that the reason it was not paid was that the subtenant, Vogel, had not yet paid.

Letters are in evidence, sent to plaintiffs and signed by Bartholomae and Roesing, referring to the premises "leased to us" and explaining that they were "withholding payment" of rent until the basement floor of which "our tenant at 1444 S. Halsted St. complains" was repaired.

These and other matters in evidence lead to the conclusion that the office of the brewery on West 12th street was the office "of said lessee" mentioned in the lease, for all purposes connected with payment of rent or other matters growing out of the leasing. Plaintiff having demanded payment of the rent at this office, which payment was refused, the lessee was in default and had failed and neglected to keep his covenant to pay rent.

*Lane v. Brooks,* 120 Ill. App. 501, is cited in support of the point that plaintiffs were obligated to give notice of their election to declare a forfeiture, but the lease in that case, as pointed out in the opinion, contained no provision whereby the tenant agreed that the fact of nonpayment of rent should constitute a

forcible detainer, or any provision similar to that in the lease in *Espen v. Hinchliffe,* 131 Ill. 468. The provision in the lease before us is similar in this regard to the provision of the lease in *Espen v. Hinchliffe,* in that the tenant agrees therein that the failure of the lessee to keep its conditions or covenants, which would include the payment of rent, "shall constitute a forfeiture of all rights under the lease," and a further occupancy thereunder shall be "a forcible detainer thereof by said lessee." It has been held many times that under such a provision no notice of intention to declare a forfeiture is necessary. *Espen v. Hinchliffe, supra; Belinski v. Brand,* 76 Ill. App. 404; *McKinney v. Mulvey Mfg. Co.,* 157 Ill. App. 339; *Kenyon v. Manley,* 125 Ill. App. 615; *Sherman House Hotel Co. v. Cirkle,* 136 Ill. App. 381; *Cox v. Eckstrom,* 142 Ill. App. 426; *Strauss v. Fornaciari,* 147 Ill. App. 18.

The finding of the trial court being justified by the evidence, the judgment will be affirmed.

*Affirmed..*