## Henry J. Clark, Appellee, v. F. H. Stevens, Appellant.

### Gen. No. 25,644.

1. LANDLORD AND TENANT—*right to terminate tenancy without notice on default in payment of rent.* Under a provision in a lease that: "It is expressly agreed between the parties hereto that if default be made in payment of the rent` * * * it shall be lawful for the party of the first part * * * at any time thereafter, at the election of said party * * * without notice or demand of rent, to declare said term ended and to re-enter said demised premises," the landlord could, upon default in the payment of rent, terminate the tenancy at his election without notice; and the bringing of a suit for possession was effective as such termination.

2. LANDLORD AND TENANT—*application of provisions of lease waiving notice.* A provision of a lease authorizing confession of judgment and providing that: "Said party of the second part * * * hereby expressly waiving all right to any notice or demand under any statute of this State relating to forcible entry and detainer," is without application in a case where the landlord was basing his right upon another provision of the lease giving him the right to terminate the lease without notice upon default in the payment of rent.

3. LANDLORD AND TENANT—*when insufficiency of five-day notice immaterial.* In an action of forcible detainer, based upon a provision of a lease authorizing the landlord to terminate the tenancy without notice upon default in the payment of rent, the fact that the landlord served upon the tenant a five days' notice which was insufficient as such would not defeat the action.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed June 18, 1921.

MAX C. LISS, for appellant.

BENJAMIN E. COHEN, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action of forcible detainer against defendant to recover possession of an apartment in a building located at 4227 Gladys avenue,

Chicago. There was a finding and judgment in plaintiff's favor, to reverse which defendant prosecutes this appeal.

On the trial plaintiff proved that defendant was in default in the payment of the June and July rent, amounting to $80. He also offered the lease in evidence and rested. On cross-examination of the plaintiff it was proved that he had mailed defendant a five days' notice, which was in the usual form of such notices, stating that there was $80 due for rent, and that unless it was paid before July 24 the lease would be terminated. This notice was dated July 17 but was not signed. After this was shown defendant's counsel said: "We tender the rent now. The lease is insufficient in itself to waive notice, a five days' notice was served and they must rely on that, this being a forcible detainer, the right of possession must be in them. The notice was not signed by the landlord as the statute specifically requires." This was all of the evidence.

Defendant contends that the judgment should be reversed because, as his counsel states, "The lease was insufficient to waive notice, without some declaration of forfeiture duly signed by the landlord or his agent." He also contends (1) that there was no attempt to prove that any such declaration of forfeiture was made; (2) that the five days' notice not being signed by the landlord as the statute required was of no avail and could in no event be served by mailing; and (3) that having served the five days' notice plaintiff is bound by it. The lease contains two provisions concerning the waiver of notice. One provision is: "It is expressly agreed between the parties hereto that if default be made in payment of the rent * * * it shall be lawful for the party of the first part (landlord) * * * at any time thereafter, at the election of said party * * * without notice or demand of rent, to declare said term ended and to re-enter said demised premises." The other provision

is the one authorizing confession of judgment, following which is: "Said party of the second part (tenant) hereby expressly waiving all right to any notice or demand under any statute of this State relating to forcible entry and detainer." Defendant in support of his contention that the lease could not be terminated by the landlord without a declaration to that effect signed by him or his agent, cites the cases of *Lane v. Brooks,* 120 Ill. App. 501, and *Hamer v. Butterly,* 189 Ill. App. 79. In the *Lane* case, which was an action of forcible detainer, the lease contained a provision substantially the same as the one first above quoted. It provided that if the tenant defaulted in the payment of rent, the landlord at his election might, without notice or demand of rent, declare the term ended and re-enter the premises. The June rent was in default and the landlord, on June 18, brought the action. There was a judgment in favor of defendant which, on appeal to this court, was affirmed. The court there said: "The plaintiff did not before bringing this action demand payment of the rent nor give the defendant notice of his election to declare the term ended or the lease terminated because of the default in the payment of rent. The stipulations contained in the lease gave to the landlord the right to declare the term ended without demanding the rent. But the question remains whether the landlord without notice to the tenant of his election to declare the term ended can, under the statute, maintain an action of forcible entry and detainer against the tenant." The court then referred to section 2, ch. 57, Rev. St. (J. & A. ¶ 5843) which provides that a person entitled to possession of lands may be restored thereto, and " 'Fourth —When any lessee of the lands or tenements, or any person holding under him, holds possession without right, after the determination of the lease or tenancy by its own limitation, condition or terms, or by notice to quit, or otherwise.' This question does not appear

to have been passed upon by any court of review in this State." The court then distinguishes the cases of *Espen v. Hinchliffe*, 131 Ill. 468, and *Belinski v. Brand*, 76 Ill. App. 404. Continuing, the court said (p. 503):
"In *Belinski v. Brand*, 76 Ill. App. 404, the lease contained a provision whereby the lessee 'expressly waived all right to any notice or demand under any statute of this State relating to forcible entry and detainer.'

"The lease in this case contains no provision similar to that contained in the lease in *Espen v. Hinchliffe*, whereby the tenant agreed that the fact of nonpayment of rent should constitute a forcible detainer, nor any provision similar to that contained in the lease in *Belinski v. Brand*, whereby the tenant expressly waived all right to any notice or demand under the statute of this State relating to forcible entry and detainer. The right of the plaintiff to bring and maintain this action, without previous notice to the defendant of his election to declare the term ended, is based wholly upon the provisions of the lease above set forth.

\* \* \* \* \*

"Under the provisions of this lease the nonpayment of rent did not put an end to the lease or to the term thereby created. The lease gave to the landlord a continuing option at his election to declare the term ended in such case. But he could not make this election and put an end to the term by any secret resolve of his own mind, any more than can one to whom an offer or proposal is made accept the same and make a contract by mere 'mental assent' to such offer or proposal." And it was there held that since no notice was given the action would not lie, and that the beginning of the action did not show sufficient election by the landlord to declare the term ended.

The *Hamer* case was an action of forcible detainer. The lease contained substantially the same two provisions we have above quoted from the lease in the

instant case. In that case the rent was a few days over due. The tenant tendered payment to the landlord's agent and the tender was refused. The landlord's representative refused to tell the tenant why the rent was not accepted, but told him to see the landlord. On the trial the landlord bottomed his case on testimony which the court excluded to the effect that about thirty minutes before the tender was made, the landlord called up his representative and told her not to accept the rent if it should thereafter be tendered, and if the tenant wanted to know the reason for the refusal, the tenant should be referred to the landlord. It was not there contended that the lease could be terminated without any notice, but the landlord took the position that the evidence of the conversation between him and his representative was wrongly excluded. The court there said (p. 84): "Merely declaring to someone over the telephone that he forfeited the lease did not constitute a verbal act—it simply stated an operation of his mind. He does not contend that notice of that declaration was brought home to the defendant *before the defendant had tendered the money*. In fact, he had instructed his assistant not to disclose the reason why she should not accept the rent, but to refer defendant to him should she be asked the reason why. If this act in telephoning can be regarded as a declaration of forfeiture, then the mere operation of his mind to declare a forfeiture without communicating that intention can be said to amount to a declaration of forfeiture." The court then analyzes the authorities and held that the evidence was inadmissible and the lease was not forfeited before the tender was made.

In the *Belinski* case the lease contained a provision that if default be made in the payment of rent, it should then be lawful for the lessor "without notice to declare said term ended," and by a further clause concerning suit by the landlord to recover possession

it was provided that the tenant "is hereby expressly waiving all right to notice or demand under any statute of this State relating to forcible entry and detainer." There was a default in the payment of rent and the landlord elected to terminate the lease by bringing an action of forcible detainer. There was a judgment in favor of the landlord and in affirming it this court said (p. 407) : "It is also contended that notice to appellant and demand were essential before there could be a right of recovery of possession because of nonpayment of rent. But the terms of the lease expressly waive notice and demand, and hence none were necessary. *Espen v. Hinchliffe,* 131 Ill. 468." And in passing on the same question this court again said in *Kenyon v. Manley,* 125 Ill. App. 615: "By the terms of the lease the tenant waived 'notice to terminate the tenancy,' and hence it was not necessary for the landlord to give to the tenant the five days' notice required by the statute. *Espen v. Hinchliffe,* 131 Ill. 468; *Belinski v. Brand,* 76 Ill. App. 404." To the same effect is the case of *McKinney v. Mulvey Mfg. Co.,* 157 Ill. App. 339.

Of course, the parties may, by agreement, waive the necessity of the landlord giving the tenant any notice of the termination of the lease by reason of any default in payment of rent or otherwise, and in the lease before us this was clearly done, for it is expressly provided that in case of default by the tenant in the payment of rent, the landlord at his election, without notice or demand for the rent, may declare the term ended. We agree with the *Lane* case that this cannot be done merely by a mental operation, but where the tenant is in default the landlord must do some overt act evidencing the fact that he has elected to terminate the lease. And this overt act may be accomplished by the beginning of an action for possession of the property, as was done in the instant case. We think that the second provision of

the lease quoted, whereby the tenant waived all right to any notice or demand under the statute of this State relating to forcible entry and detainer, has no application to this case. The only effect of this provision was to waive such notices or demands as are covered by chapter 57, Rev. St. (J. & A. ¶ 5842 *et seq.*) which is the chapter on forcible entry and detainer. Section 2 of that Act (J. & A. ¶ 5843) provides that any person entitled to the possession of lands may be restored to them, and when any lessee holds possession of any lands without right "after the determination of the lease or tenancy by its own limitation, condition or terms, or by notice to quit, or otherwise," or when any vendee who has obtained possession of lands under a written or verbal agreement to purchase and he has failed to comply with the agreement, and further when any lands have been conveyed or sold under a judgment or decree of any court, and the grantor is in possession after the expiration of the time for redemption, the person entitled to such lands in the latter two cases may be restored to them by making a demand, in writing. This is the only notice mentioned in that chapter, and the two demands referred to are the only ones there mentioned. The notice to quit mentioned in the statute refers to the ten days' notice in section 9, ch. 80, Rev. St. (J. & A. ¶ 7047) and it is, therefore, clear that the provision of the lease now under consideration has no application to the instant case, nor did it affect in any way the rights of the parties in the *Belinski* case, because in that case, as well as in the one at bar, the landlord was basing his right to recover on another provision of the lease. We are, therefore, clearly of the opinion that the tenant being in default in the payment of rent, the landlord might, under the lease, at his election, terminate the tenancy without notice, and that he did so effectively by bringing a suit for possession.

But counsel say that since the landlord attempted

to terminate this lease by serving a five days' notice, and since the notice was not signed by the landlord and the attempted service was by mail, it was insufficient and, therefore, as we understand it, plaintiff cannot recover on any theory except that of the cancellation by the five days' notice. In support of this the case of *McKinney v. James A. Brady Foundry Co.*, 175 Ill. App. 569, is cited. In that case there was an attempt by the landlord to terminate the lease under sections 8 and 9, ch. 80, Rev. St. (J. & A. ¶¶ 7046, 7047), and notice was served on the tenant. The notice did not follow the statute, but it was contended by the landlord that the lease waived notice. The court, however, held that even if the lease did waive notice of the termination, the landlord did not undertake to get possession under that provision of the lease because he attempted to serve notice. In the instant case the landlord brought his suit and simply proved that the rent was in arrears and offered the lease in evidence. It is clear that on the trial he made no claim that he was entitled to a judgment except on the provision of the lease. The case is, therefore, clearly distinguishable from the *McKinney* case.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

TAYLOR, P. J., and THOMSON, J., concur.