## C. H. Lane v. Fred L. Brooks.

### Gen. No. 11,701.

1. FORCIBLE DETAINER—*when action for, cannot be maintained.* An action for wrongful detainer of demised premises cannot be maintained after default in payment of rent where no notice of election to terminate the lease was given and the lease did not provide that the non-payment of the rent should put an end to the same or to the term thereby created.

2. ELECTION—*when institution of action not notice of.*  The institution of an action of forcible detainer is not notice of an election to terminate the tenancy for non-payment of rent such as will enable such action to be maintained without other notice.

Action of forcible entry and detainer.  Appeal from the County Court of Cook County; the Hon. DWIGHT C. HAVEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904.  Affirmed.  Opinion filed May 5, 1905.

**Statement by the Court.**  Appellee was the tenant of appellant under a lease containing the following provisions:

" If default be made in the payment of the rent above reserved or any part thereof, or in any of the covenants of said lease by the lessee, it shall be lawful for the lessor, at any time thereafter, at his election, *without notice or demand of rent,* to declare said term ended and to re-enter said demised premises or any part thereof, either with or

without process of law, and the said party of the second
part to expel, remove and put out, and the said premises
again to repossess, as before said demise, without prejudice
to any remedies which might otherwise be used for arrears
of rent or preceding breaches of covenant."

The rent for June, 1903, which by the terms of the lease
was due on the first day of that month, was not paid, and
appellant on June 18, 1903, brought an action of forcible
entry and detainer against appellee. The cause was sub-
mitted to the court, and there was a finding and judgment
for the defendant, from which the plaintiff prosecutes this
appeal.

WHEELER, SILBER & ISAACS, for appellant.

G. W. KRETZINGER and E. F. ABBOTT, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of
the court.

The plaintiff did not before bringing this action demand
payment of the rent nor give the defendant notice of his
election to declare the term ended or the lease terminated
because of the default in the payment of rent. The stipu-
lations contained in the lease gave to the landlord the right
to declare the term ended without demanding the rent.
But the question remains whether the landlord without
notice to the tenant of his election to declare the term
ended can, under the statute, maintain an action of forcible
entry and detainer against the tenant.

Section 2, Chapter 57, R. S., provides that: "The per-
son entitled to the possession of lands or tenements may
be restored thereto in the manner hereafter provided.
* * * Fourth, when any lessee of the lands or tene-
ments, or any person holding under him, holds possession
without right after the determination of the lease or ten-
ancy by its own limitation, condition or terms, or by notice
to quit or otherwise." This question does not appear to
have been passed upon by any court of review in this State.
In Espen v. Hinchliffe, 131 Ill. 468, the lease contained a
provision that, "the simple fact of the non-payment of the

rent reserved shall constitute a forcible detainer," and the court said, p. 472: "The propositions of law refused by the trial court are based upon the theory that the clause in the lease waiving notice, demand for payment of rent, or possession, and agreeing that the fact of the non-payment of the rent should constitute a forcible detainer, is of no binding effect in this form of action. * * * This position is untenable." In Belinski v. Brand, 76 Ill. App. 404, the lease contained a provision whereby the lessee "expressly waived all right to any notice or demand under any statute of this State relating to forcible entry and detainer."

The lease in this case contains no provision similar to that contained in the lease in Espen v. Hinchliffe, whereby the tenant agreed that the fact of non-payment of rent should constitute a forcible detainer, nor any provision similar to that contained in the lease in Belinski v. Brand, whereby the tenant expressly waived all right to any notice or demand under the statute of this State relating to forcible entry and detainer. The right of the plaintiff to bring and maintain this action, without previous notice to the defendant of his election to declare the term ended, is based wholly upon the provisions of the lease above set forth.

To constitute a valid contract the assent of both parties must be mutual, intended to bind both sides, and coexist at the same moment of time. Benjamin on Sales, Sec. 39.

"It is not sufficient, to constitute a binding contract between the parties, that one of them makes a proposal which is communicated to the other, and that other secretly resolves in his own mind that he will accept the offer made; nor is it even sufficient that he openly declares his acceptance, unless that fact be communicated by him to the party making the proposal. In other words, there must be notice of the acceptance from the acceptor to the proposer." Wade on Notice, Sec. 379.

A contract once made can be rescinded or put an end to only by the mutual assent of both parties. The same rules that apply to the making of a contract apply to the rescission or the putting an end to the contract.

Under the provisions of this lease the non-payment of rent did not put an end to the lease or to the term thereby created. The lease gave to the landlord a continuing option at his election to declare the term ended in such case. But he could not make this election and put an end to the term by any secret resolve of his own mind, any more than can one to whom an offer or proposal is made accept the same and make a contract by mere "mental assent" to such offer or proposal.

It was insisted in argument that the action was a sufficient election by the landlord to declare the term ended, as an action is a sufficient demand on a note payable on demand. But the distinction between the cases is plain. The law deems a note payable on demand to admit a present debt to be due to the payee, payable at all events, whenever and by whomsoever presented for payment, and no demand is necessary for any purpose, other than that which is made by the action. But to maintain this action the plaintiff was bound under the provisions of the Forcible Entry and Detainer Act to show that the defendant at the time the suit was brought held possession of the demised premises, "without right after the determination of the lease." To entitle the plaintiff to a judgment he must show that his right of action existed when his action was brought. If it be conceded that the bringing of the action was an election by the plaintiff to declare the term ended, that election was made *eo instanti* with the bringing of the action, and if the term was ended and the lease determined by the plaintiff's act of bringing this action to be restored to the possession of the demised premises, it is clear that when the action was brought the defendant was not holding possession of the demised premises, "without right after the determination of the lease," and the plaintiff was therefore not entitled to judgment.

The judgment of the County Court will be affirmed.

*Affirmed.*