## Chase Brothers Piano Company, Defendant in Error, v. Georgia W. Conners, Plaintiff in Error.

## Gen. No. 18,144.

1. CHATTEL MORTGAGES, § 167*—*when mortgagee entitled to possession for default in payments.* Provision in a chattel mortgage giving mortgagee right to declare whole sum due and to take possession on default in the payment of any instalment does automatically create a forfeiture without mortgagee declaring his election.

2. REPLEVIN, § 163*—*judgment when plaintiff becomes entitled to possession during trial.* When no demand before suit, but plaintiff becomes entitled to possession at the time of the trial, judgment should be against plaintiff for costs without an order for the return of the property.

3. REPLEVIN, § 46*—*necessity of demand before suit.* To entitle a chattel mortgagee to sue for possession under a provision entitling mortgagee to possession on default in payment of any instalment he must demand possession before bringing suit.

4. REPLEVIN, § 48*—*waiver of demand.* Defendant's plea claiming property in herself does not amount to a waiver of demand where the defense does not rest on that plea alone.

---

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

Error to the Superior Court of Cook county; the Hon. JOHN McNUTT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed with directions. Opinion filed October 15, 1913.

CASWELL & HEALY, for plaintiff in error.

JARRELL & McNEIL, for defendant in error.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Plaintiff in error bought of defendant in error a piano and gave a note secured by a chattel mortgage on the piano for $321.75, the unpaid part of the purchase price, the same to be paid in instalments. The instalments were not paid as they matured. After plaintiff in error had defaulted in the payment of some of them, but before the entire debt had become due, defendant in error, without first making any demand for the property, and without notifying plaintiff in error of its election to declare the entire debt due, and without formally declaring it to be due, brought an action of replevin in the Superior Court, took possession of the property. The declaration filed in that cause charges that the defendant (plaintiff in error) unjustly detained, and that she unjustly took and detained, the goods to which plaintiff (defendant in error) had title and right to possession. At the trial the note and mortgage were introduced in evidence by defendant in error and proof offered showing that nothing had been paid on the debt by plaintiff in error since the giving of the note and mortgage, but that $22 due from defendant in error to plaintiff in error for commissions in another transaction had been indorsed on the note without her knowledge. At the close of the evidence introduced by defendant in error, plaintiff in error moved for a peremptory instruction directing the jury to find the issues for her. This motion was denied and she offered no evidence.

The court thereupon instructed the jury to find the issues for defendant in error, which they accordingly did. At the time of the trial the entire debt had matured and there was due on the same the sum of $299.75, besides the accrued interest. Judgment was in due time entered on the verdict.

Plaintiff in error rests her right to have the judgment reversed on two propositions: First, that defendant in error, not having by some affirmative act declared the whole amount due, was not entitled to the posesssion of the property; second, that as plaintiff in error came lawfully into possession of the property, proof of a demand for possession on the part of defendant in error before bringing suit was necessary to its maintenance.

The mortgage contained this provision: "I (the mortgagor) am to retain possession of said property until default shall be made in the payment of said sums; but if I fail to make any of the payments with interest thereon, at the time above specified, * * * the Chase Bros. Piano Co., its agents or assigns, * * * may declare the entire amount due and take possession of said property * * *."

Provisions of that character in chattel mortgages have been construed by the courts of this State not to create automatically a forfeiture of the stipulation giving to the mortgagor the right to retain possession of the mortgaged property upon default in the payment of part of the instalments as they fall due, but to give to the mortgagee, as the language implies, the right to elect to declare, and to declare, the whole debt due and take possession of the property, or to ignore the default and allow the mortgagor to retain possession of it. *Keelin v. Postlewait Co.*, 174 Ill. App. 71, affirmed in 259 Ill. 130. Plaintiff in error was by the terms of the stipulation in question entitled to the possession and use of the property until she was in default in the payment of the last instalment, or, in

other words, until the last instalment had matured by lapse of time, or had been matured by the declaration of the mortgagee. In *Beach v. Derby,* 19 Ill. 617, the Supreme Court said, on page 622, on this subject: "Until the maturity of the notes to secure which these mortgages were given, the mortgagor had the right to the possession and use of the property, with the right in the mortgagee to hasten the maturity of the notes. * * * Until that affirmative act was done, the rights, duties and obligations of all parties remained precisely the same as if the mortgage had contained no such provision."

Before defendant in error is entitled to have the benefit and advantage of the terms of the stipulation by which under certain circumstances it had the right to take possession of the property, it must comply with the condition under which such right is given. The obligation to first declare the whole debt due before attempting to take possession of the property is as much a part of the contract as the right to take possession of it after such declaration. The mortgagor had a right to rest peacefully on her right to possession until such declaration was made, and when made had the right to pay the whole debt and still retain such possession. Such declaration cannot be made and kept in the secret recesses of the mind of some of the officers of the mortgagee corporation and be effective. The mortgagee must "declare" the whole debt to be due and do it in such a way as that the mortgagor can be held to have notice of it. To "declare" is defined in the International Dictionary to be "to make exposition * * * to make * * * an open, explicit avowal; to proclaim * * *."

In an analogous case the Appellate Court of this district said, "* * * he could not make this election and put an end to the term by any secret resolve of his own mind, any more than can one to whom an offer or proposal is made accept the same and make

a contract by mere 'mental assent' to such offer or proposal." *Lane v. Brooks,* 120 Ill. App. 501.

At the time the replevin suit was begun only part of the instalments had matured by the lapse of time and the balance of such instalments had not been matured by the declaration of the mortgagee. Plaintiff in error, therefore, clearly was, and defendant in error clearly was not, entitled to the possession of the property when that suit was begun. Defendant in error argues that because plaintiff in error pleaded property in herself it was useless and, therefore, unnecessary for it to prove that it had matured the debt by some affirmative act. Two pleas were filed by plaintiff in error. By the first she denied that she wrongfully detained the property and by the second she alleged property in herself. The maturing of the debt being a condition precedent to the right of defendant in error to the possession of the property was squarely raised by the first plea and cannot be held to be waived by the filing of the second.

On the question of the necessity of proof of demand the rule is that wherever a demand is necessary to determine the right of possession of property in the defendant, or confer that right upon the plaintiff in a replevin suit, proof of such demand is necessary, unless there is a waiver of such demand or proof that it would have been unavailing. *Keller v. Robinson & Co.,* 153 Ill. 458. Counsel for defendant in error urges that the fact that plaintiff in error by plea filed in the case claimed property in herself amounted to a waiver of demand by showing that such a demand would have been unavailing. Conceding the rule to be correctly stated, it cannot be held to apply to this case, for the reason that plaintiff in error did not rest her defense in the replevin suit on the ownership of the property alone, but filed two pleas, one of which put in issue everything necessary to defendant in error's right to recover, including a demand for possession. The pos-

session of plaintiff in error being originally rightful, a demand was necessary to terminate that right and to confer it upon defendant in error. If the debt had been matured by the declaration of defendant in error and it had then demanded possession of the mortgaged property it would have been entitled to it. Whether or not it can be presumed that, if that declaration and demand had been made, the possession of the property would have been surrendered to defendant in error, certainly it cannot be presumed that under such circumstances it would have been refused, or, in other words, that such demand would have been unavailing.

At the time of the trial the entire debt for which the mortgage was given had matured and was wholly unpaid, except for the sum of $22, which had become due from defendant in error to plaintiff in error for commissions earned in another transaction, and had been applied on the debt secured by the mortgage without the knowledge of plaintiff in error. Defendant in error was, therefore, at the time of the trial entitled to the possession of the mortgaged property by the terms of the mortgage. Upon the record as here presented the judgment of the Superior Court should have been against defendant in error for costs, but without an order for the return of the property. *Farwell v. Hanchett,* 120 Ill. 573.

The judgment of the Superior Court is, therefore, reversed with direction to that court to enter judgment against defendant in error for costs.

*Judgment reversed with directions.*