## Edward E. Hamer, Plaintiff in Error, v. John F. Butterly, Defendant in Error.

### Gen. No. 19,452.

1.  LANDLORD AND TENANT, § 502*—*what not evidence of a declaration of forfeiture.* In an action of forcible entry and detainer it appeared that the written lease covering the premises involved contained a provision that if default were made in the payment of the rent reserved, or any part of it, when due, the lessor might, at his election, without notice, declare the term ended; that the lessee tendered the rent due January 1, 1913, to an employee of the lessor authorized to receive the same on the third of January following; that such employee refused to receive the same telling him that she had been so instructed by the lessor by telephone that morning and, in reply to his question as to the reason therefor, that he should see the lessor; that evidence that the lessor had told said employee over the telephone prior to such tender: "Don't accept any rent because I forfeit the lease," was ruled out as proof of forfeiture; and that the court directed the jury to find the defendant not guilty. *Held,* that the evidence so ruled out was not evidence of a declaration of forfeiture, and that the tender of the rent due having been made prior to declaration of forfeiture, the lessee was not in default.

2.  LANDLORD AND TENANT, § 463*—*what not a declaration of forfeiture.* A mere mental declaration of forfeiture for nonpayment of rent, or the communication of such declaration to a third person in no way connected with the lessee, does not amount to a declaration of forfeiture terminating the lease.

3.  LANDLORD AND TENANT, § 470*—*when provision in lease does not dispense with declaration of forfeiture.* A clause providing that the lessee waived all right to any notice or demand under any statute relating to forcible entry and detainer, *held* not to dispense with a declaration of forfeiture for nonpayment of rent arising under a different clause in the lease.

Error to the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 8, 1914.

**Statement by the Court.** This is an action of forcible entry and detainer brought in the Municipal Court of Chicago by Edward E. Hamer, plaintiff in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and. section number.

error (hereafter referred to as plaintiff), against John F. Butterly, defendant in error (hereafter referred to as defendant), to recover possession of certain premises in the city of Chicago known as 1216-1218 Lawrence avenue. Upon the trial of the case the court directed a verdict in favor of the defendant.

Ode L. Rankin, for plaintiff in error.

Everett & McGonigle, for defendant in error; John C. Everett, of counsel.

Mr. Justice Pam delivered the opinion of the court.

Defendant held a lease on the premises in question for a term of ten years, commencing May 1, 1910, for $17,500, payable in sixty instalments as follows: $125 on the first day of each month, for the first sixty months; and sixty instalments of $166.67 each, payable on the first day of each month, for the last sixty months of said term. The original lease was executed between defendant as tenant and Alexander F. Shuman as landlord, and passed through Oliver H. Perry and Richard T. Davis by assignment from said Shuman to the plaintiff, Hamer, who became the owner of the property on the twenty-third day of June, 1911.

From that time on the defendant paid his rent regularly to the plaintiff in advance for each month up to and including December, 1912. The evidence shows that these payments were made either on the second, third, fourth or fifth days of the various months and accepted on such days by the plaintiff.

The month of January, 1913, came along, and on the third, about eleven o'clock in the morning, defendant called at the office of plaintiff, and tendered to a Miss Amelia Meyer, an office assistant of the plaintiff who had been in the habit of receiving rents from said defendant, the rent for the month of January, 1913. The said Miss Meyer, however, refused to accept the rent. She told defendant that the plaintiff, Hamer, had in-

structed her over the telephone that same morning not to accept the rent. Defendant then asked to know why, and she told him to see Mr. Hamer. Defendant returned several times to plaintiff's office that afternoon to see him, but was not successful in finding plaintiff in.

At the trial plaintiff testified as follows: On January 3, 1913, about nine o'clock in the morning, he telephoned his office and Miss Amelia Meyer answered the telephone. He asked her if defendant had been in on the second, and she said "No." He then asked if defendant had been in that morning (January 3), and she said "No." He then said: "If he should come in, don't accept any rent because I forfeit the lease"; and he also told her: "He is liable to ask you why you don't accept the rent; simply tell him to see me." Plaintiff did not see defendant until January 4, which was at plaintiff's office; that he was busy and it was arranged that they should meet on the following Monday about twelve o'clock, at which time they met. Defendant offered to pay the rent and plaintiff refused to accept it. The plaintiff then stated for the first time that he had forfeited the lease because defendant had not paid his rent on the first of the month, and closed the interview by saying that he did not wish to talk to him any further. There were present at this latter conversation two other gentlemen who had come with defendant.

The defendant was called by the plaintiff and admitted that he had not offered to pay the rent for the month of January previous to the time that he called about eleven o'clock on January 3rd.

The lease in question was offered in evidence and contained the following clauses under which the plaintiff claimed he had the right to take the action he did in forfeiting the lease. These two clauses we will designate as clause A and B, and they are as follows:

"(A) It is expressly agreed, between the parties hereto, that if default be made in the payment of the

rent above reserved or any part thereof, or in any of
the covenants and agreements herein contained, to be
kept by the party of the second part, it shall be lawful
for the party of the first part or the legal representa-
tives of said party, at any time thereafter, at the elec-
tion of said first party, or the legal representatives
thereof, without notice, to declare said term ended,
and to re-enter said demised premises, or any part
thereof, either with or without process of law, and the
said party of the second part or any person or persons
occupying the same, to expel, remove and put out, us-
ing such force as may be necessary so to do, and the
said premises again to repossess and enjoy, as before
this demise, without prejudice to any remedies which
might otherwise be used for arrears of rent or preced-
ing breach of covenants, and said party of the second
part further covenants and agrees, that said party of
the first part, or the representatives or assigns of said
party, shall have, at all times, the right to distrain
for rent due, and shall have a valid and first lien upon
all personal property of said party of the second part,
which he now has or owns or may hereafter acquire
or have an interest in, whether exempt by law or not,
as security for the payment of the rent herein re-
served.''

(B) ''The party of the second part hereby irrev-
ocably constitutes any attorney of any Court of Rec-
ord of this State, attorney for him in his name, on de-
fault by him of any of the covenants herein, and upon
complaint made by said first party, his agent or as-
signs, and filed in any such Court, to enter his appear-
ance in such Court, waive process and service thereof,
and confess judgment from time to time, for any
rent which may be due to said party of the first part,
or the assignees of said party, by the terms of this
lease, with costs and Twenty Dollars attorney's fees,
and to waive all errors and all right of appeal from
said judgment and judgments, and to file a consent in
writing that a writ of restitution or other proper writ
of execution may be issued immediately, *said party of
the second part hereby expressly waiving all right to*

*any notice or demand under any statute of this State, relating to forcible entry and detainer."*

The plaintiff contends that the evidence of the plaintiff as to the telephonic conversation between himself and Miss Meyers, his office assistant, was evidence of the fact that he had declared the lease forfeited, as he had a right to do under the covenants thereof. Defendant asked that such evidence be not considered competent as a declaration of forfeiture. The motion of the defendant was sustained and the court ruled out all the testimony concerning the conversation over the telephone between plaintiff and his office assistant, Miss Meyer, so far as the same was introduced for the purpose of proving a forfeiture of the lease. The court thereupon directed the jury to find the defendant not guilty, which verdict was returned by the jury as directed by the court.

The plaintiff opens his argument by making the statement that the main question presented by the record in this case is the one of admissibility and competency of evidence. Plaintiff says further:

"The only facts which tended to show a forfeiture by the plaintiff of the lease under which the defendant Butterly held the premises in question were the acts and statements of the plaintiff Hamer, and his office assistant Miss Amelia Meyer. This action, based as it was upon a forfeiture, was without support when the court ruled out all the evidence offered to show a forfeiture and the point presented therefore is: Were the statements of Hamer to his clerk that he forfeited Butterly's lease and directing his clerk not to receive the rent from Butterly, which statements were made out of the presence of the defendant Butterly, admissible for the purpose of showing a forfeiture of the lease in question."

To this statement should be added the fact, however, that the reason why Miss Meyer should not receive the rent, namely, that the plaintiff had forfeited the lease, was not communicated to the defendant at any time

*prior* to the time when defendant offered the rent for the month of January to Miss Meyer.

While plaintiff in his brief bases his action on both clauses A and B, the record shows that in the trial he depended upon only clause A. This will be seen from the statement just hereinabove cited from plaintiff's brief.

Plaintiff attempts to argue that this telephonic communication to his office assistant was a declaration of forfeiture and terminated the lease. He argues the admissibility of this testimony on the theory that it is evidence of a verbal act. To this, however, we cannot agree. Merely declaring to someone over the telephone that he forfeited the lease did not constitute a verbal act,—it simply stated an operation of his mind. He does not contend that notice of that declaration was brought home to the defendant *before the defendant had tendered the money.* In fact, he had instructed his assistant not to disclose the reason why she should not accept the rent, but to refer defendant to him should she be asked the reason why. If his act in telephoning could be regarded as a declaration of forfeiture, then the mere operation of his mind to declare a forfeiture without communicating that intention could be said to amount to a declaration of forfeiture.

Suppose, instead of stating to his assistant over the telephone on January 3rd that he had forfeited the lease, the plaintiff had forfeited the lease (mentally) on January 2nd and made that statement to a member of his family at home; and that his office assistant had accepted the rent on January 3rd when offered by defendant: Could such an act be construed as a declaration of forfeiture?

If the evidence submitted by plaintiff were competent to declare a forfeiture, then this supposititious case would likewise declare a forfeiture. We believe, however, there is no merit in such contention.

In the case at bar there was no clause in the lease like in the case of *Espen v. Hinchliffe,* 131 Ill. 468, where, in addition to the waiving of notice, there was an express provision that "the simple fact of non-payment of the rent reserved shall constitute a forcible detainer as aforesaid."

In the case of *McKinney v. Charles Mulvey Mfg. Co.,* 157 Ill. App. 339, the lease also contained covenants much stronger than the lease in the case at bar which, in addition to the clause in the lease at bar, contained the following: "But the fact of non-performance of any of the covenants in this lease shall in itself, at the election of the party of the first part, without notice or demand, constitute a forfeiture of the said lease," etc. And the court in its opinion in that case refers to the case of *Espen v. Hinchliffe, supra,* and to the special clause referred to by this court in that lease. These are cases upon which plaintiff places great reliance.

We think the case of *Lane v. Brooks,* 120 Ill. App. 501, is applicable to the case at bar. The covenant giving the lessor the right to declare a forfeiture at his election in that case is practically similar to the covenants with reference to the same point in the lease in the case at bar. The court in its opinion had before it the case of *Espen v. Hinchliffe, supra,* and said it did not apply because of this special covenant that we have already referred to. And the court in *Lane v. Brooks, supra,* held that:

"A contract once made can be rescinded or put an end to only by the mutual assent of both parties. The same rules that apply to the making of a contract apply to the rescission or the putting an end to the contract.

Under the provisions of this lease the nonpayment of rent did not put an end to the lease or to the term thereby created. The lease gave to the landlord a continuing option at his election to declare the term ended in such case. But he could not make this election and

put an end to the term by any secret resolve of his own mind, any more than can one to whom an offer or proposal is made accept same and make a contract by mere 'mental assent' to such offer or proposal.''

To the same effect is the case of *Gradle v. Warner*, 140 Ill. 123.

The covenant which plaintiff claims the benefit of, without question, gave him the right to declare the lease forfeited without notice; but until he had so declared the forfeiture, the lease was in force, and such declaration of forfeiture cannot take the shape of merely a mental operation. We do not believe the telephonic conversation was such an act as to manifest an intention to declare a forfeiture. We believe the telephonic conversation was merely and can only be regarded as a secret mental operation of which the defendant could not have notice, and in fact did not have notice; and, moreover, plaintiff expressly directed his office assistant not to disclose the reason why the rent should not be accepted.

While the plaintiff had the right to declare the term of the lease ended, yet there being no competent evidence of such declaration, the lease remained in force.

Plaintiff in his brief urges the benefit of the covenants in clause B hereinabove set forth, viz., that part of clause B which reads as follows:

''Said party of the second part hereby expressly waiving all right to any notice or demand under any statute of this State relating to forcible entry and detainer.'' A reading of the lease shows that these words appear in a different paragraph of the lease from the one wherein he declares a right to elect a forfeiture without notice, namely, these words do not appear in clause A. A careful reading of the evidence discloses that in no way has plaintiff in the case below relied upon those words of clause B. This is also clearly evidenced from the fact that plaintiff states in the opening argument of his brief that it was necessary to

have this telephonic conversation remain in the evidence in order to prove that there had been a declaration of forfeiture. This statement clearly negatives that clause B, which has reference to confession, etc., has any application. A reading of clause B indicates that the words just quoted have no relation to clause A, and cannot in any way be of benefit to plaintiff with reference to his declaration of forfeiture under clause A.

Plaintiff in his brief cites *Belinski v. Brand*, 76 Ill. App. 404, and *Sherman House Hotel Co. v. Cirkle*, 136 Ill. App. 388, in support of his contention with reference to his rights under clause B. Inasmuch as we are of the opinion that the evidence in the case at bar indicates that plaintiff based his action on clause A instead of on clause B, and, moreover, that the covenant in clause B of which plaintiff claims advantage, namely, "said party of the second part hereby expressly waiving all right to any notice or demand under any statute of this State relating to forcible entry and detainer," is in no way applicable to clause A, we cannot consider these authorities as controlling.

It is true that plaintiff on or about January 7th informed defendant as to why he declared a forfeiture, *but at that time no breach existed.* Defendant had offered to pay the rent on the third of January; moreover, the evidence in this case shows that for about a year and one-half defendant had been in the habit of making payment on the third, fourth and fifth of the month, and that the money had never been refused prior to the January 3rd in question, because of having been tendered after the first of the month.

We know that January 1st is a legal holiday and that no business is transacted on that day. While it is true the rent was not paid on January 2nd, yet on January 3rd, during the forenoon of that day, the rent was offered.

Here was a valuable leasehold with many years to run; the rent had been offered practically as for many

months previous, and yet the plaintiff wishes this court to hold that the telephonic evidence offered in the court below constituted such a declaration of forfeiture as to entitle him to a directed verdict in the court below. We cannot subscribe to such contention, but are of the opinion that the court properly ruled that the telephonic conversation was not competent evidence of a declaration of forfeiture. Plaintiff having stated in his argument that his declaration of forfeiture depended on such evidence, he could not proceed further, and the court below was justified in directing the jury to find the defendant not guilty.

Finding no reversible error, the judgment of the Municipal Court will be affirmed.

*Affirmed.*