Commercial Credit Trust, Appellant, v. Clifford J. Beck, Appellee.

Gen. No. 8,455.

Opinion filed April 14, 1931.

HERBERT J. FERGUSON, A. M. FITZGERALD and EVAN WORTH, for appellant; HERBERT J. FERGUSON, of counsel..

C. EVERETT SMITH, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

On September 27, 1929, Clifford J. Beck, appellee, purchased from the Capitol Motors Inc. of Springfield, Illinois, an automobile under a conditional sales contract whereby he paid $15 cash and was allowed a credit of $500.40 for another automobile traded in, leaving a balance of $1,186 which was evidenced by a note which was to be paid in 16 equal instalments commencing one month from the date of contract. The contract provided among other things that if the purchaser should fail to pay said note or any in-

stalment thereon, . . . or if for any other reason seller should deem itself or said car insecure, seller or his representative may take possession of said car and all equipment, accessories or repairs thereon, which shall be considered a component part thereof, wherever it may be found and may enter any premises therefor without notice or demand to purchaser and without legal process, and purchaser waives all claims for damages caused thereby, and the holder of said note may declare it due and payable. The contract further provided that title to said car shall remain in seller until all amounts due hereunder are fully paid in cash and said note for the contract may be negotiated or assigned or the payment thereof renewed or extended without passing title of said car to purchaser.

On the reverse side of the contract is what is named thereon, ''Buyer's Statement.'' This statement in so far as it pertains to the questions involved in this suit is as follows:

### ''Buyer's Statement.

Please answer all questions and fill in all blanks. Dated at Springfield, Ill. this 27th day of Sept. 1929 To Capitol Mtrs. Inc. and to Commercial Credit Trust or Midwest Commercial Credit company.

In order to secure credit from the above-mentioned Dealer and induce the above-named Trust or Company to purchase any purchase money obligation which may be executed by me (us) in connection with such credit, I (we) make the following representations: . . .
Occupation Clerk Employed by Montgomery & Swingle, Lincoln, Ill.
How long? 3 yrs.
Income: If monthly $225.00 per month.''

The note accompanying the contract is in the principal sum of $1,186.40 and provides that it shall be

paid in 16 instalments of $74.15 each on the 27th day of each month commencing on the 27th day of October, 1929. The note also provides that it shall become due and payable in the event of the nonpayment at maturity of any instalment. The contract and note were assigned to Commercial Credit Trust, appellant.

The suspicions of appellant having been aroused by the statement that appellee was receiving $225 per month as a clerk, instituted an investigation and ascertained that he was not employed and had not been employed by the firm of Montgomery & Swingle and was not being employed by anyone nor was he receiving $225 per month on account of any employment. On October 11, 1929, appellant brought this action in replevin to recover the automobile. The sheriff executed the writ as to the property on December 5, 1929, recovered its possession and delivered the same to appellant. On July 22, 1930, the cause was submitted to the court for trial, a jury having been waived. The court found the right of possession of the car to be in appellee and entered judgment accordingly, to reverse which this appeal is prosecuted.

The first instalment on the note was not due at the time of the institution of the replevin suit and it is insisted by counsel for appellee that no rights of appellant in the property had accrued by reason of the failure to pay any of the instalments. As to the false answers made by appellee in the buyer's statement in regard to his employment and the amount of his income, appellee attempted to avoid the same by testifying that he signed the statement at the request of the agent of Capitol Motors Inc. without reading the same or knowing the contents thereof and therefore should not be held liable for any answers written therein by the agent. It is not claimed by appellee that he did not read the sales contract and did not know of the provisions thereof. Appellant was a bona fide purchaser for value of the contract and note.

When it made the discovery that appellee was not employed by the firm of Montgomery & Swingle and was not receiving an income of $225 per month, it had reasonable grounds to suspect fraud on the part of the purchaser and to deem itself insecure and cannot be said to have acted in bad faith in recovering the possession of the car.

Section 22 of the Replevin Act (Cahill's St. ch. 119, ¶ 22) provides that if the right of property is adjudged against him, judgment shall be given for a return of the property and damages for the use thereof from the time it was taken until a return thereof shall be made, unless the plaintiff shall, in the meantime, have become entitled to the possession of the property, when judgment may be given against him for costs and such damage as the defendant shall have sustained. Appellant offered to prove that appellee never made any payments on the note and that at the time of the trial July 22, 1930, there were 11 instalments due and unpaid thereon. Under the section of the statute above quoted, it was error for the trial court not to admit this evidence and find the rights of the property in appellee as appellant had a clear right to the possession of the car because of the default in the payment under the contract and note. *Chase Bros. Piano Co. v. Conners*, 182 Ill. App. 418. The above section of the statute was passed for the purpose of avoiding a multiplicity of suits and needless litigation.

The judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*